FILED
SUPERIOR COURT
OF GUAM
2018 MAR 20 PM 12: 59
CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOE AND FLO'S, INC., | ) Civil Case No. CV0913-16 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **DECISION AND ORDER** |
| | ) |
| DARREN GUTIERREZ, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

### INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on March 8, 2017 on Defendant's Motion to Dismiss Based upon Anti-SLAPP. Attorney Vincent Leon Guerrero represents Plaintiff Joe and Flo's, Inc. ("Plaintiff") and Attorney Gary W.F. Gumataotao. represents Defendant Darren Gutierrez ("Defendant"). Having reviewed the arguments, papers, record, and applicable law, the Court issues the following Decision and Order denying Defendant's Motion to Dismiss Based upon Anti-SLAPP.

### BACKGROUND

This matter arises out of Plaintiff's October 14, 2016 Complaint alleging that Defendant trespassed onto Plaintiff's property. On March 2, 2017, Defendant filed an Answer. Defendant filed the present Motion to Dismiss Based upon Anti-SLAPP on March 8, 2017. Defendant contends that the Plaintiff has filed the present lawsuit for the purpose of intimidating, harassing, and chilling the exercise of Defendant's right to participate in the process of government and effective law enforcement. Mot. at 2. Specifically, Defendant argues that the

present lawsuit was filed in retaliation to Defendant informing the police of illegal behavior by Plaintiff in a prior matter. Id. Plaintiff filed an Opposition on April 5, 2017. Plaintiff argues that the lawsuit has been filed pursuant to Plaintiff's right to exercise control over its property. Opp'n at 1. Defendant filed a Reply to Opposition on April 14, 2017. After several judges were disqualified from presiding over this matter, it was assigned to this Court on June 16, 2017. A status hearing was held on February 6, 2018, and the matter was subsequently taken under advisement.

## ISSUE

1. Whether the instant lawsuit was brought for the purpose of retaliating against Defendant for his prior activity in reporting Plaintiff's agent Harry Gutierrez to the Guam Police Department for criminal trespass and assault.

## FACTS

1. Harry Dean Gutierrez ("Harry") serves as the President and CEO of Plaintiff Corporation, and has served in this capacity since at least 2011.

2. Around June 12, 2012, Plaintiff obtained a stipulated restraining order against Defendant in Joe & Flo's Inc. v. Darren Gutierrez, Superior Court of Guam Case No. CV0645-12. This order restricted Defendant from entering Plaintiff's property located at Lot No. L149-2-R1, Municipality of Merizo ("the Merizo Property"). This stay was to dissolve automatically 120 days after June 11, 2012 (October 9, 2012).

3. On or around December 13, 2012, Plaintiff served a letter to Defendant's father in which Plaintiff stated that Defendant was barred from entering the Merizo Property.

4. On December 3, 2013, Joseph F. Gutierrez, an Officer and Director of Plaintiff, sent a letter to Harry. This letter includes the following language:

> It has been brought to my attention that Darren has not apologized for his actions whereby he had you arrested for trespassing/assault in addition to aiding his father in legal action against the family and corporation. I gave him this opportunity to redeem himself but he has not done so. There is currently a corporate resolution in place banning him from the Merizo family beach house property. I understand that he was allowed to attend a family gathering at the approval of the directors but this was only a one time arrangement. Since then he has been at the beach house on several occasions.
>
> Given this information, myself and 3 other directors (majority) of Joe and Flo's Corporation require that Darren be given notice that he is no longer allowed on

the property. Darren's only recourse would be to make a formal apology to you and the directors which I have copied below. Until such time that an apology is made, the corporate resolution to ban him from the Merizo Property remains in full force and effect.

5. On May 26, 2015, Harry was indicted in CF0322-15 on several criminal counts stemming from an altercation with Defendant which occurred on or around July 24, 2014.

6. On August 30, 2016, Harry entered into a plea agreement in CF0322-15. The plea agreement provides that Harry is to refrain from coming within five hundred (500) feet of Defendant.

7. On October 14, 2016, Plaintiff filed a Complaint to initiate the present action. The Complaint alleges that Defendant had been informed that he was not allowed on Plaintiff's property, but that Defendant had ignored this warning and intentionally and without license entered Plaintiff's property on March 31, 2014 and September 4, 2016.

## PRINCIPLES OF LAW

### Citizen Participation in Government Act.

The Citizen Participation in Government Act ("CPGA") (Chapter 17 of Title 7, Guam Code Annotated) provides immunity to defendants for acts in furtherance of "seeking relief, influencing action . . . and otherwise participating in the processes of government . . . regardless of intent or purpose." 7 G.C.A. § 17104. If defendants are successful in the dismissal of a complaint pursuant to CPGA, they are entitled to an award of costs of litigation, attorneys' fees, actual or compensatory damages, and punitive damages. 7 G.C.A. § 17106(g) and (h).

The purpose of the CPGA is to protect parties against "strategic lawsuits against public participation," or SLAPPS. 7 G.C.A. § 17102(a)(4). According to the Guam Legislature, SLAPP suits are "typically dismissed as unconstitutional, but often not before the defendants are put to great expense, harassment and interruption of their productive activities." 7 G.C.A. § 17102(a)(4). The Legislature has explained that SLAPP lawsuits "are used to censor, chill, intimidate, or punish citizens, businesses and organizations for involving themselves in public affairs." 7 G.C.A. § 17102(a)(6).

Although Defendant has styled his instant motion as a Motion to Dismiss, the Supreme Court of Guam has directed trial courts, when presented with any motion to dispose of a claim, even if pled alternatively, that raises the immunity from liability described in the CPGA to: (1) first determine whether the claim actually falls within the scope of the CPGA and, if it does, then (2) the trial court must treat the motion as one for summary judgment and follow the procedures set forth in 7 GCA § 17106. Enriquez v. Smith, 2012 Guam 15 ¶18. "Only after the trial court determines the motion to dispose of any claims under the CPGA should it then proceed to determine any other motions to dispose of any other claims." Id.

**Determining if an action is protected by the CPGA.**

Under Enriquez, when determining a motion to dismiss based on a claim of immunity under the CPGA, trial courts must first determine whether the claims fall within the act's provision. Enriquez at ¶ 18.

The CPGA provides that "[a]cts in furtherance of the Constitutional rights to petition, including seeking relief, influencing action, *informing*, communicating and otherwise participating in the process of government, *shall be immune from liability*, regardless of intent or purpose, except where not aimed at procuring any government or electoral action, result or outcome." 7 G.C.A. § 17104 (emphasis added).

The Guam Supreme Court has held that Section 17104 of the CPGA "lays out an objective test of whether a reasonable person would conclude from looking at the acts that the acts involved petitioning the government." Guam Greyhound, Inc. v. Brizill, 2008 Guam 13 at ¶ 34.

**The "sham" exception to the CPGA.**

Section 17104 of the CPGA provides that actions are not granted immunity under the CPGA if they are considered "sham." The Guam Supreme Court has ruled that "[t]he only time when immunity for petitioning activity does not apply . . . is when 'persons use the governmental *process* – as opposed to the *outcome* of that process – as a [] . . . weapon.'" Guam Greyhound, Inc. at ¶33. Indeed, Section 17104 removes from immunity those acts which are "not aimed at procuring any government or electoral action, result or outcome." 7 GCA § 17104.

In order for Plaintiff, as the responding party, to remove the acts in question from the protection of § 17104 he must carry his burden of "producing clear and convincing evidence that the moving party's acts were a sham." Guam Greyhound, Inc. at ¶ 39. "Clear and convincing evidence" must be of "extraordinary persuasiveness" and be established by "testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." Id. at ¶ 41 (quoting Shorehaven Corp. v. Taitano, 2001 Guam 16 ¶ 19). In ruling on the motion, the Court "shall make its determination based on the facts contained in the pleadings and affidavits filed." 7 GCA §17106(d).

**Determining if a lawsuit is a SLAPP under the CPGA.**

In Garrido v. Arena, 993 N.E.2d 488, 496 (Ill. App. Ct. 1st Dist. 2013), the Illinois Appellate Court indicated that the movant has the burden of proof under the first *two* prongs of the test to determine whether a plaintiff's claims are barred under the CPGA: the first prong is whether the act is a protected activity; the second is whether the plaintiff's claim is a SLAPP within the meaning of the (Illinois) CPGA. See also Enriquez at ¶15 (comparing Guam's CPGA with Illinois's version (735 Ill. Comp. Stat. An. 110/1-110/99 (West 2012)), "which is very similar to Guam's.").

The second prong warrants discussion here because the term "meritless" in the context of a SLAPP is a "term of art and means something more [than an ultimately unsuccessful legal claim or theory]." Garrido at 496-497. In attempting to define this requirement, the Illinois Appellate Court explained:

> A SLAPP is not intended to make an injured plaintiff whole, but is instead meant only to hurt the defendant through "delay, expense, and distraction." *Sandholm*, [962 N.E.2d 418](additional citations omitted). . . The Act is expressly designed to bar only those lawsuits that try to abuse the justice system by bringing unfounded claims in retaliation against defendants who legitimately exercise their first amendment rights, while simultaneously preserving the right of individuals to file lawsuits for real injuries. See 735 ILCS 110/5 (West 2010).

Id. at p. 497.

# ANALYSIS

## Defendant's communication with the Guam Police Department is an action protected by the CPGA.

Defendant claims that Plaintiff filed the present action in order to punish Defendant for exercising his First Amendment right to communicate freely with public officials, in this case by reporting criminal activity to the Guam Police Department.

The Court finds that the act of contacting the police for the purpose of informing law enforcement that criminal activity is taking place is a protected act under the CPGA, as it involves participating in the process of government.

## Defendant's communication with the Guam Police Department was not "sham."

Plaintiff has not met its burden of demonstrating that Defendant's communications with the police were made without the purpose of procuring government action. It is assumed that the purpose of the communications was to procure the government action of law enforcement, and the act was therefore not sham under §17104.

## Plaintiff's Claim is not a SLAPP under the meaning of the CPGA.

Having determined that communication with the Guam Police Department is a protected activity, the next inquiry is whether the Defendant has "affirmatively demonstrate[d] that the [plaintiff's] claim is a SLAPP within the meaning of the Act, that is, that the claim is meritless and was filed in retaliation against the [defendant's] protected activities in order to deter the [defendant] from further engaging in those activities." Garrido, 993 N.E.2d at 496. (citations omitted).

The Court finds that the present lawsuit is not meritless, as Plaintiff has a legitimate legal interest in maintaining a secure premise of its property, and the present lawsuit was filed in furtherance of that interest.

Defendant is not an owner of the Merizo Property. Defendant is not an officer, employee, or otherwise a part of Joe & Flo's. Defendant has no right to be on the Merizo Property. Due to the restraining order issued in CF0322-15, Plaintiff's president and CEO Harry Gutierrez is not allowed to be within five hundred (500) feet of Defendant. This provides Plaintiff with a legitimate interest in prohibiting Defendant from entering Plaintiff's property. As a consequence of the restraining order, Plaintiff would be unable to have its chief officer

available should Defendant enter the property without Plaintiff's consent. Defendant entered the Plaintiff's property despite being aware that he was prohibited from entering it. In light of the restraining order, Defendant's presence on the property created an issue for Plaintiff. Consequently, Plaintiff decided to file this lawsuit in order to protect its legitimate business interest in granting its president and CEO unhindered access to the business's property without risking violating the conditions of his plea agreement. It would be unfair to allow Defendant to use an Anti-SLAPP motion as a weapon to prevent Plaintiff from defending itself in a legitimate action.

Defendant claims that the December 3, 2013 letter "clearly states that the purpose of the lawsuit is to punish Darren Gutierrez for refusing to apologize for calling the police to report Harry Gutierrez for criminal trespass and assault." This is incorrect for two reasons. First, the letter cannot speak as to the motive of a lawsuit which was filed several years after the letter was written. The letter states that Defendant was banned from entering Plaintiff's property, but the letter makes no mention of any lawsuit. Second, Defendant's argument fails to account for the change in circumstances between the time the letter was written and the time that the lawsuit was filed, namely the plea agreement in CF0322-15.

Additionally, Defendant argues that the lawsuit for trespass is "fruit from the poisonous tree," in that it is the result of the Plaintiff banning Defendant from its property due to Defendant's prior communications with police regarding Harry Gutierrez's conduct. However, this argument fails because the banning of Defendant from the Merizo Property was an act of business necessity with a motive that is independent of any ill will Plaintiff may have felt toward Defendant.

## CONCLUSION AND ORDER

Based on the forgoing, the Court finds that the present action is not a strategic lawsuit against public participation. Defendant's motion to dismiss is DENIED.

SO ORDERED, this ___20___ day of ___March___ 2018.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

Page 7 of 7